UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| RONALD L. WEAVER and LISA WEAVER., ) ) ) Plaintiffs, ) ) V. ) ) REDLAND INSURANCE CO., ) ) Intervenor Plaintiff, ) ) V. ) ) JEFFREY L. WALTERS and F&W ) TRANSPORTATION, INC., ) ) Defendants. ) | Civil Action No. 6: 06-38-DCR  **MEMORANDUM OPINION AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter comes before the Court for consideration of Defendants' motion to dismiss under Rule 4(m) [Record No. 10] and their motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. [Record No. 21] Each motion has been fully briefed and is ripe for consideration. Because the Defendants were not served within 120 days as provided in Rule 4 and because the Plaintiffs have not shown good cause for their failure to complete service within this time period, the motion to dismiss pursuant to Rule 4 will be granted and the case is dismissed without prejudice. Except as noted below, all other pending motions will be denied as moot.

-1-

**ANALYSIS**

Rule 4(m) of the Federal Rules of Civil Procedure governs the time in which plaintiff must serve his complaint. Courts are directed to interpret the "plain meaning" of the text of federal rules. *Perrin v. United States*, 444 U.S. 37, 42 (1979). Where, as here, the words of the text are clear and unambiguous, the language itself provides the starting point for the Court's analysis. Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The plain text of the rule illustrates that Rule 4(m) consists of three distinct considerations concerning the requirements for, and failure to complete, service. First, the rule establishes a strict deadline of 120 days for plaintiffs to serve defendants with the summons and complaint. The importance of this deadline is highlighted by the fact that failure to comply may be raised by motion or by the Court *sua sponte*. Therefore, if a plaintiff fails to comply with this strict deadline, the Court may, in its discretion, dismiss the action without prejudice. However, if the plaintiff can show good cause for the failure to serve the defendant within the 120 day period, the Court may extend the time for service by directing that service be affected within a specified time.

In the present case, the Plaintiffs correctly note that Rule 4(m) represents a relatively recent change to the rule governing the time for service. Modified in 2000, the advisory committee notes to this new subdivision state that the primary effect of the change was that

courts "shall allow" additional time once plaintiffs have made a showing of good cause. Perhaps more importantly, the current version of the Rule also allows a court to grant additional time for service to "relieve a plaintiff of the consequences" of late service even without a showing of good cause.

Thus, under the literal language of Rule 4(m), a plaintiff who makes a showing of good cause for failure to make timely service shall be allowed additional time to affect service. If, however, a plaintiff fails to make a showing of good cause, the Court may still exercise its discretion and allow a plaintiff to affect late service so as to relieve him of the consequences of his failure. Specifically, the advisory committee notes to the Rule state that, "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . ." Fed. R. Civ. Pro. 4(m); *citing Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104 (E.D. Mich. 1987).

Although Rule 4(m) employs the language of "good cause", the Sixth Circuit has interpreted its "good cause" standard as equivalent to the "excusable neglect" standard applied under Rule 6(b). *See, e.g., Turner v. City of Taylor,* 412 F.3d 629, 650 (6th Cir. 2005); *Morgan v. Gandalf, Ltd.*, 165 Fed. Appx. 425, 428 (6th Cir. 2006). Rule 6(b) governs when "an act is required or allowed to be done at or within a specified time," and requires the party at fault to show that its failure to comply with the time requirement "was the result of excusable neglect." *Turner*, 412 F.3d at 650, *citing* Fed. R. Civ. Pro. 6(b).

The factors to be considered under a "good cause" standard and an "excusable neglect" standard are similar. *Compare Moncrief v. Stone*, 961 F.2d 595 (6th Cir. 1992) ("good cause"); *Turner*, 412 F.3d 629 ("excusable neglect").

> The determination of whether a case of neglect was excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Turner*, 412 F.3d 629, 650 (6th Cir. 2005), *citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). If the balancing of these factors weighs strongly in a plaintiff's favor, then the Court should allow an extension. Otherwise, any extension of time is at the Court's discretion.

Although the list of factors in *Turner* is not an exhaustive one, it appears to be the judgment of the Sixth Circuit that it provides an appropriate starting point for the Court's analysis of whether a plaintiff has shown good cause, such that an extension of time should be granted. Although all factors are to be considered, the Sixth Circuit has also suggested in an unpublished opinion that the "reason-for-delay factor has the greatest import and is always critical to the inquiry." Morgan, 165 Fed. Appx. at 429; *citing Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001). The undersigned agrees with this analysis and, therefore, will begin with this factor in considering the present motion.

According to the Plaintiffs, the time-line of events is as follows:

On January 27, 2006, the Plaintiffs filed their complaint in this Court. After what appears to be some initial confusion regarding certification, it appears the Kentucky Secretary of State

received the complaint for service on the out-of-state defendants.[1]  On February 20, 2006, Plaintiffs filed an Amended Complaint which was properly certified and sent to the Kentucky Secretary of State for service.  Between mid-February and mid-May, the only action taken by Plaintiffs' counsel was to have a legal assistant, Mary C. Vinci, check the Kentucky Secretary of State website to see if service had been affected.  When no confirmation was forthcoming, she apparently called that office and the Clerk of this Court.  *See* [Record No. 18, Ex. 1 - Affidavit of Mary C. Vinci]  On May 19, 2006, Plaintiffs' counsel called the Defendants' counsel to request that he accept (or waive) service.  This request was either never answered or refused.  [Record No. 18]

On June 20, 2006, 148 days after the filing of the initial Complaint and 120 days after the filing of the Amended Complaint, Plaintiffs' counsel placed several "important" phone calls to counsel for the Defendants.  Receiving no response, Plaintiffs' counsel overnighted a summons and complaint to Defendant F&W Transportation.  The next day, the Defendants filed their motion to dismiss under Rule 4(m).  Two days later, Plaintiffs' counsel called the Kentucky Secretary of State's office, who promised to "look into" why service was not perfected.  *Id.*

The Supreme Court defines neglect as "'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to esp[ecially] through carelessness.'"  *Pioneer*, 507 U.S. at 388 (emphasis added), citing Webster's Ninth New Collegiate Dictionary 791 (1983).  This definition encompasses both omissions that are no fault

---

[1] The Defendants point out that the Kentucky Secretary of State initially returned the summons for F&W Transportation because the Plaintiffs had named them as a Kentucky resident, despite allegations in the Complaint that they were incorporated in South Carolina, with their principal place of business in the same state.

of the plaintiffs and omissions caused by carelessness. *Id.* In this case, the question is whether the Plaintiffs' counsel's lack of concrete action until the 120th day (when it belatedly attempted overnight mail service on one of the two Defendants) can be considered "excusable".

"The excusable neglect standard has consistently been held to be strict, and can be met only in extraordinary cases." *Turner*, 412 F.3d at 650; *quoting Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989) (internal quotation omitted). Even assuming that each of the other factors weighed in the Plaintiffs' favor, their failure to take any concrete action to serve either Defendant makes improper any finding that the neglect was excusable. Thus, for the purposes of this discussion, the Court will assume that there was no prejudice to the Defendants, that it did not adversely delay the proceedings and that the Defendants would have attempted to avoid service if the Plaintiffs had made any attempt to serve them before the deadline.

Even with these assumptions and using the Plaintiffs' version of events, their neglect in failing to take any action to perfect service outside of checking a website and calling the clerk's office cannot be excused. As was made clear by the actions taken by the Plaintiffs' counsel once he realized the deadline had passed, there were a number of other ways to attempt service. However, Plaintiffs' counsel attempted none of these until after the deadline had passed. The Court, therefore, finds that the Plaintiffs have not made a showing of good cause or excusable neglect. Without such a finding, it is left to the Court's discretion to extend the time for service.

For the same reasons, the Court will deny an extension of time to serve the Defendants. Had Plaintiffs' counsel been spurred into action one or two weeks sooner, this entire situation

might have been avoided.[2]  Certainly, the Plaintiffs would have a much better case for establishing excusable neglect.  Likewise, there is no merit to plaintiffs' claims that subsequent service has mooted the Rule 4(m) motion – a contention for which the Plaintiffs have cited no case law in support.

Finally, the Court is aware that a dismissal, even one without prejudice, may result in Ms. Weaver's claim for loss of consortium being time-barred.  Unfortunately, "clients must be held accountable for the acts and omissions of their attorneys."  *Pioneer*, 507 U.S. at 396.  Although this may lead to a client being penalized for the acts of counsel, the "proper focus is upon whether the neglect of respondents and their counsel was excusable."  *Id.* at 397; *see also Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *United States v. Boyle*, 469 U.S. 241 (1985).  Because the Court agrees that "the 120 day rule is explicit," no extension of time will be granted under the facts presented.  *Turner*, 412 F.3d at 651.  Both the original and amended complaint, therefore, must be dismissed without prejudice.

**CONCLUSION**

For the reasons discussed herein, it is hereby **ORDERED** as follows:

1.  Plaintiffs' Motion for Leave to file Sur-Reply [Record No. 30] is **GRANTED**. The Clerk is directed to file the sur-reply tendered by the Plaintiffs.

2.  Defendants' Motion to Dismiss under Rule 4 [Record No. 10] is **GRANTED**. This case is hereby **DISMISSED**, without prejudice.

---

2   This assumes the Plaintiffs' have now served the correct Defendants.  Defendants' allegations to the contrary are the subject of another motion and not considered under the Court's Rule 4(m) analysis. [*See, e.g.,* Record No. 21.]

3.      All other pending motions are **DENIED**, as moot. [Record Nos. 21, 24, 33].

This 2nd day of August, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge