UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| RONALD L. WEAVER, LISA WEAVER, and REDLAND INSURANCE COMPANY, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| V. | ) ) |
| JEFFREY L. WALTERS and F & W TRANSPORTATION, INC., | ) ) ) |
| Defendants. | ) ) |

Civil Action No. 6: 06-38-DCR

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On August 2, 2006, the Court dismissed this action based on the Plaintiffs' failure to serve the Defendants within 120 days as provided by Rule 4 of the Federal Rules of Civil Procedure. In reaching this decision, the Court followed the Sixth Circuit's analysis in *Turner v. City of Taylor*, 412 F.3d 629 (6th Cir. 2005), and assumed, for purpose of analysis, that there would be no prejudice to the Defendants, that the Plaintiff's dilatory conduct did not adversely affect the proceedings, and that the Defendants would have attempted to avoid service if the Plaintiffs had made an effort to serve them before expiration of the deadline. However, even with these assumptions, the Court concluded that the Plaintiffs' "neglect in failing to take any action to perfect service outside of checking a website and calling the clerk's office cannot be excused." [Record No. 38, p. 6] The Court thus found that the Plaintiffs had not demonstrated good cause for failing to effectuate service within 120 days. The Court then summarily denied the Plaintiffs' motion for an extension of time to effectuate service.

Following the August 2, 2006, ruling, the Plaintiffs moved the Court to alter, amend or vacate its order. In support, the Plaintiffs argue that dismissal is not appropriate because the Court miscast their efforts to effectuate service in the case and failed to properly analyze the Plaintiffs' motion for an extension to effectuate service. [Record No. 40] Additionally, Plaintiffs contend that the dismissal of their claims will result in the expiration of the statute of limitations on Lisa Weaver's claim for loss of consortium. Although the Court is not persuaded that the Plaintiffs' have demonstrated good cause for their failure to effectuate service, the Court will grant the Plaintiffs' motion for an extension of time to avoid manifest injustice as a result of the expiration of the statute of limitations on Lisa Weaver's claim. Therefore, the August 2, 2006, order will be amended to deny the Defendants' motion to dismiss and grant the Plaintiffs' motion for an extension of time to effectuate service on the Defendants.

**I.     Analysis**

Generally, to succeed on a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), a party must demonstrate either a clear error of law, newly discovered evidence, an intervening change in controlling law, or that relief is necessary to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The motion does not serve as "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, a party should not use this motion "to raise arguments which could, and should, have been made before judgment issued." *Id.* (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). However, once the motion has been made, a district court has unlimited discretion to review its own ruling,

including its previous findings of law and fact. *EEOC v. United Ass'n of Journeymen & Apprentices*, 235 F.3d 244, 250 (6th Cir. 2000).

Here, the Plaintiffs make no claim that there has been a change in intervening law or newly discovered evidence. Instead, they "disagree with the construction the Court has put upon the Plaintiffs' efforts to effectuate service in this case" and contend that the Court did not properly analyze their motion for an extension of time. In support, the Plaintiffs reiterate the facts presented in their response in opposition to the Defendants' motion to dismiss and allege that these facts do demonstrate good cause for the failure to effectuate service or, in the alternative, that based on these facts, the Court should grant them an extension of time to effectuate service even though they have not demonstrated good cause. Most notably, the Plaintiffs contend that Lisa Weaver's claim will be barred by the statute of limitations if relief is not granted. Thus, although the Defendants correctly point out that the Plaintiffs have not rested their motion to alter, amend or vacate on any particular ground, the Court will construe the motion as requesting relief that is necessary to prevent manifest injustice.

### A. August 2, 2006 Order

In its August 2, 2006, order dismissing the action, the Court viewed the evidence and made all assumptions in the light most favorable to the Plaintiffs. Specifically, the Court noted that,

> [a]ccording to the Plaintiffs, the time-line of events is as follows:
>
> On January 27, 2006, the Plaintiffs filed their complaint in this Court. After what appears to be some initial confusion regarding certification, it appears the

> Kentucky Secretary of State received the complaint for service on the out-of-state defendants. On February 20, 2006, Plaintiffs filed an Amended Complaint which was properly certified and sent to the Kentucky Secretary of State for service. Between mid-February and mid-May, the only action taken by Plaintiff's counsel was to have a legal assistant, Mary C. Vinci, check the Kentucky Secretary of State website to see if service had been affected. When no confirmation was forthcoming, she apparently called that office and the Clerk of this Court. *See* [Record No. 18, Ex. 1 - Affidavit of Mary C. Vinci] On May 19, 2006, Plaintiffs' counsel called the Defendants' counsel to request that he accept (or waive) service. This request was either never answered or refused. [Record No. 18]

[Record No. 38, p. 4-5]

Based on the Sixth Circuit's decision in *Turner v. City of Taylor*, 412 F.3d 629 (6th Cir. 2005), the Court then analyzed the Plaintiffs' failure to take any other action under the standard of excusable neglect. *Turner*, 412 F.3d at 650 (*citing* Fed. R. Civ. P. 6(b)). The Court assumed that "there was no prejudice to the Defendants, that it did not adversely delay the proceedings and that the Defendants would have attempted to avoid service if the Plaintiffs had made any attempt to serve them before the deadline." [Record No. 38, p. 6] The Court concluded that "[e]ven with these assumptions and using the Plaintiffs' version of events, their neglect in failing to take any action to perfect service outside of checking a website and calling the clerk's office cannot be excused." [Record No. 38, p.6] The Court then stated that "[f]or the same reasons, the Court will deny the extension of time to serve the Defendants."

### B.     Rule 59(e) Motion

According to the Sixth Circuit, "[i]t is within the sole discretion of a court to determine if a prior ruling should be reconsidered. Thus, we decline to impose any conditions or limitations upon a court's power to review a prior ruling of [its own or of] another court." *EEOC*, 235 F.3d at 250 (*quoting United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990)). In

*EEOC*, the Sixth Circuit also noted that "[a] decision is clearly erroneous and would work a 'manifest injustice,' if the data relied upon to make that decision ignores or fails to account for the circumstances the data is supposed to reflect." *Id.* at 251 (*citing Arizona v. California*, 460 U.S. 605, 619 (1983)).

In the present case, although the Court correctly cited the factors to be considered under *Turner* and recognized the applicable statute of limitations, it did not adequately address the prejudice to Lisa Weaver's claim for loss of consortium. The expiration of the statute of limitations is a factor the Court can consider in exercising its discretion under Rule 4(m). *See Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D 104 (E.D. Mich. 1987). As amended, Rule 4(m) provides that if service "is not made on a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice to that defendant or direct that service be effected within a specific time." Fed. R. Civ. P. 4(m) (2000). The rule further states that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *Id*. In dicta, the Supreme Court has interpreted the amended rule to "permit[] a district court to enlarge the time for service 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996) (*quoting* Fed. R. Civ. P. 4 advisory committee notes). Moreover, the District Court for the Southern District of Ohio found that "[i]n the wake of Rule 4(m)'s adoption, a number of federal courts of appeals also have concluded that good cause no longer stands as an absolute prerequisite to extending the time for obtaining proper service of process." *Osborne v. First Union Nat'l Bank of Del*., 217 F.R.D. 405, 407 (D. Ohio 2003). According to that court, "[r]ather, these circuit courts have determined that Rule

4(m) provides a district court with the discretion to extend the time for service of process even without a showing of good cause." *Id.* (citations omitted).

Here, the statute of limitations has expired on Lisa Weaver's claim for loss of consortium. Therefore, even though the remainder of Plaintiffs' claims can be refiled, the dismissal acts as a dismissal with prejudice as to Lisa Weaver's claim. Such a dismissal does not fit within the plain language of Rule 4(m), which provides that a court shall dismiss the action "without prejudice to that defendant or direct that service be effected within a specific time." Fed. R. Civ. P. 4(m). Additionally, the Advisory Committee Notes to the amended rule explicitly state that, "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4 advisory committee notes *(citing Ditkof*, 114 F.R.D at 104). Thus, although the Court did not err in concluding that the actions taken by Plaintiffs' counsel do not amount to "excusable neglect," the expiration of the statute of limitations on Lisa Weaver's claim and the manifest injustice that would result if the Defendants' motion to dismiss is granted are sufficient to warrant an extension of time to effectuate service.

**II.     Conclusion**

For the foregoing reasons, it is hereby **ORDERED** as follows:

The Court's Memorandum Opinion and Order dated August 2, 2006, [Record No. 38] is **AMENDED** as follows:

1.     The Plaintiffs' motion for an extension of time to effectuate service [Record No. 18] is **GRANTED**. The Plaintiffs shall have thirty (30) days from entry of this Order to effectuate service on the Defendants.

2. The Defendants' motion to dismiss [Record No. 10] is **DENIED**.

3. The Defendants' motion to dismiss [Record No. 21] is **DENIED**, without prejudice.

4. The Defendants have fifteen (15) days from entry of this Order to file a supplemental response to Plaintiffs' motion to change venue. [Record No. 43] The Plaintiffs will have the time permitted under the local rules to file any reply.

This 20th day of October, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge